OPINION
Defendant-appellant, Mary Brinker, appeals her convictions in the Warren County Court of Common Pleas for theft and forgery.
In early April 1998, appellant took her father's checkbook without his knowledge or permission, and wrote checks on the account amounting to $420. Appellant forged her father's signature in writing these checks. On June 29, 1998, appellant was indicted on four counts of forgery, a violation of R.C.2913.31(A)(3), a fifth degree felony, and one count of theft, a violation of R.C. 2913.02(A)(1), also a fifth degree felony. On November 13, 1998, appellant entered guilty pleas to two of the forgery charges and the theft charge. The remaining two forgery charges were dismissed.
On January 13, 1999, appellant was sentenced by the trial court after having not appeared at prior scheduled hearings. In imposing sentence, the trial court considered appellant's prior criminal history and that she had served a previous term of imprisonment. The trial court also considered that appellant took advantage of her father, and that she had refused to cooperate in the pre-sentence investigation or appear at the earlier scheduled sentencing hearings. The trial court ordered that appellant serve a twelve-month term of incarceration on each forgery count, with the terms to be served concurrently. The trial court also sentenced appellant to a six-month term of incarceration on the theft charge, to be served consecutively to the sentences on the forgery charges. Appellant appeals, raising two assignments of error.
Assignment of Error No. 1:
 THE TRIAL COURT ABUSED ITS DISCRETION IN IMPOSING MAXIMUM TERMS OF INCARCERATION ON MS. BRINKER.
 In her first assignment of error, appellant contends that she should not have been sentenced to the maximum terms of incarceration for her offenses. Appellant argues that the trial court failed to make sufficient findings supporting the imposition of maximum sentences.
An appellate court may not disturb a sentence imposed under Senate Bill 2 unless it finds by clear and convincing evidence that the sentence is not supported by the record or is contrary to law. R.C. 2953.08(G)(1). Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus. The sentence imposed must be consistent with the overriding purposes of felony sentencing: "to protect the public from future crime by the offender" and "to punish the offender." R.C. 2929.11(A).
The sentencing court is given wide discretion in determining the most effective way to comply with the purposes and principles of Senate Bill 2. "A reviewing court will not interfere with a sentence unless the trial court has abused its discretion." Statev. Yontz (1986), 33 Ohio App.3d 342, 343. Generally, a trial court does not abuse its discretion when imposing a sentence which is authorized by statute. State v. Beasley (1984), 14 Ohio St.3d 74,75.
Pursuant to R.C. 2929.14(A)(5), for a felony of the fifth degree, such as forgery and theft, the trial court may impose a sentence of six, seven, eight, nine, ten, eleven, or twelve months. A trial court may impose the maximum term of imprisonment upon an offender only if the trial court finds on the record, as relevant to this case, that the offender "committed the worst forms of the offense," or the offender "pose[s] the greatest likelihood of committing future crimes." R.C. 2929.14(C).
When reviewing the seriousness of an offender's conduct, the trial court is guided by R.C. 2929.12(B), which lists factors for the trial court to consider. As relevant to the instant case, these factors include:
 (6) The offender's relationship with the victim facilitated the offense.
 The trial court may also consider "any other relevant factors." When reviewing whether an offender poses the greatest likelihood of recidivism, the trial court is guided by R.C. 2929.12(D), which lists factors for the trial court's considerations. As relevant to the instant case, these include:
 (2) The offender * * * has a history of criminal convictions.
 (3) The offender has not * * * responded favorably to sanctions previously imposed for criminal convictions.
 The trial court may also consider "any other relevant factors."
The trial court's comments at the sentencing hearing and its judgment entry of sentencing make it clear that the court felt that any sentences less than the maximum allowable terms of imprisonment would demean the seriousness of appellant's conduct, and that the court believed that appellant posed the greatest likelihood of recidivism. The trial court specifically stated that her crimes were the "worst form of the offense," involving theft from a parent and forgery of that parent's checks. Although the amounts involved may not have been substantial in comparison to some other cases, appellant used her position as a daughter to take advantage of her father.
The trial court also found two of the recidivism factors listed in R.C. 2929.12(D). Appellant has a history of criminal conduct and had served a previous prison term. She had been given probation for an earlier offense, but she had violated that probation and was sentenced to prison. Appellant failed to respond favorably to previous sanctions, as demonstrated by her continued refusal to cooperate in the pre-sentence investigation and her refusal to appear before the court at her initial sentencing hearings.
Upon a thorough review of the record, it is clear that the trial court's findings that appellant committed "the worst forms of the offense" and that appellant posed "the greatest likelihood of committing future crimes," were supported by the record. The trial court's finding that to impose less than the maximum sentence would "demean the seriousness of [appellant's] conduct" was supported by the record. The trial court did not err in imposing maximum sentences. Accordingly, appellant's first assignment of error is overruled.
Assignment of Error No. 2:
 THE TRIAL COURT ABUSED ITS DISCRETION IN IMPOSING CONSECUTIVE SENTENCES FOR THE OFFENSES.
 In her second assignment of error, appellant contends that the trial court did not make sufficient findings to warrant imposing consecutive sentences. Appellant argues that the record only supports imposing concurrent sentences for her offenses.
As noted above, an appellate court may not disturb a sentence imposed under Senate Bill 2 unless it finds by clear and convincing evidence that the sentence is not supported by the record or is contrary to law. R.C. 2953.08(G)(1).
Pursuant to R.C. 2929.14(E)(3), a trial court may impose consecutive sentences if it makes certain findings. First, the trial court must determine that consecutive sentences are "necessary to protect the public from future crime or to punish the offender, and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." R.C.2929.14(E)(3); State v. Stevens (Sept. 21, 1998), Clinton App. No. CA98-01-001, unreported. Second, the trial court must find at least one of the additional factors listed in R.C. 2929.14(E)(3):
 (a) The offender committed the multiple offenses while the offender was under * * * post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
 In the instant case, the trial court found that consecutive sentences were necessary to protect the public and to punish appellant. The trial court found that consecutive sentences were not disproportionate to the seriousness of appellant's conduct, especially considering that she took advantage of her father, or the danger appellant posed to the public, as demonstrated by her criminal history and refusal to comply with the rules of the court or cooperate in pre-sentence procedures. Thus, the initial requirement of R.C. 2929.14(E)(3) was satisfied. The trial court ruled that appellant had a history of criminal conduct, and that a single sentence would not adequately reflect the seriousness of appellant's offenses. The record supports these findings by the trial court.
We find that the trial court did not err in imposing consecutive sentences for appellant's offenses. Accordingly, appellant's second assignment of error is overruled.
Judgment affirmed.
POWELL, P.J., and VALEN, J., concur.